■ RICHARD BETTERIDGE, Individually and as President of Gates-Chili Teachers Association, Appellant, v. BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT NO. 1 OF THE TOWNS OF GATES AND CHILI, Respondent.— Order unanimously reversed, with costs, and petition granted. Memorandum: The decision of the Court of Appeals in *Matter of Associated Teachers of Huntington* v. *Board of Educ., Union Free School Dist. No. 3, Town of Huntington* (33 N Y 2d 229) mandates a reversal of the order of Special Term. (Appeal from order of Monroe Special Term in proceeding to direct arbitration.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Simons, JJ.

■ MORRIS M. GAMBLE, Respondent, v. LUCILLE C. GAMBLE, Appellant.— Judgment unanimously modified in accordance with memorandum and as modified affirmed, without costs. Memorandum: A consideration of appellant's needs for her support, in light of her present plight as a quadriplegic and respondent's income, resources and obligations leads us to find that the award to the appellant should be increased from $500 to $600 per month, the same to be made retroactive to the date support payments were provided to begin in the judgment from which appellant appeals (*Bottner* v. *Bottner*, 39 A D 2d 680). Upon the trial the parties and court assumed that the medical insurance which respondent maintains for appellant and the children will be sufficient to cover appellant's medical care requirements. For this reason, we do not now consider appellant's request that we require respondent to pay up to $200 per month additional, upon presentation of bills, for her medical care not covered by the insurance policy. If the insurance coverage proves to be insufficient for appellant's needs, she may reapply to Supreme Court for an additional award for her medical care requirements not covered and which the court may find are within respondent's ability to pay. (Appeal from part of judgment of Onondaga Trial Term in divorce action.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Simons, JJ.